**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 24-cv-02650-RMR-STV

PATRICK HOGARTY,

    Plaintiff,

v.

CHERRY CREEK SCHOOL DISTRICT;
CHERRY CREEK SCHOOL DISTRICT BOARD OF EDUCATION;
ANGELA GARLAND, individually and in her official capacity as President for Cherry Creek School District Board of Education;
ANNE EGAN, individually and in her official capacity as Director for District A of Cherry Creek School District Board of Education;
CHRISTOPHER SMITH, individually and in his official capacity as Superintendent of Cherry Creek School District;
ANGIE ZEHNER, individually and in her official capacity as Director of Middle Schools for Cherry Creek School District;
COURTNEY SMITH, individually and in her official capacity as Director of Human Resources for Cherry Creek School District;
LISSA STAAL, individually and in her official capacity as Principal of Campus Middle School; and
RONALD GARCIA Y ORTIZ, individually and in his official capacity as Executive Director of Equity, Culture, and Community Engagement for Cherry Creek School District,

    Defendants.
_____

**MOTION TO STAY**
_____

Defendants, Cherry Creek School District, Cherry Creek School District Board of Education, Angela Garland, Anne Egan, Christopher Smith, Angie Zehner, Courtney Smith, Lissa Staal, and Ronald Garcia Y Ortiz, by and through their undersigned attorneys, move pursuant to Fed. R. Civ. P. 26(c) for a stay of discovery pending

determination of Defendants' Motion to Dismiss (Doc. 18).  In support thereof, Defendants state as follows:

## INTRODUCTION

This is an employment case. Plaintiff Patrick Hogarty's Complaint alleges that the District retaliated against him in violation of the First Amendment by compelling his speech and engaging in viewpoint discrimination. (Doc. 1). Defendants have moved to dismiss all claims asserted against them. (Doc. 18). In addition, Angela Garland, Anne Egan, Christopher Smith, Angie Zehner, Courtney Smith, Lissa Staal, and Ronald Garcia Y Ortiz (the "Individual Defendants") have moved to dismiss the claims asserted against them based on qualified immunity. *Id.* Defendants now move for a stay of discovery pending a decision on their motion to dismiss.

## CERTIFICATION OF CONFERRAL

Pursuant to D.C.COLO.LCivR 7.1(a), the undersigned certifies that she conferred with Hogarty's counsel regarding the instant motion, which is opposed.

## STANDARD OF REVIEW

"The decision to issue a protective order and thereby stay discovery rests within the sound discretion of the trial court." *Antelope v. U.S.*, 2008 WL 5063909, at *1 (D. Colo. Nov. 24, 2008) (citing *Wang v. Hsu*, 919 F.2d 130, 130 (10th Cir. 1990)). While "[a] stay of all discovery is generally disfavored . . . a stay may be appropriate if 'resolution of a preliminary motion may dispose of the entire action.'" *Antelope*, 2008 WL 5063909, at *1 (quoting *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D.Fla. 2003)); *see also String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 1:02-cv-01934-LTB-PAC,

2

2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006).

The factors considered by the Court in evaluating a motion to stay include: 1) the interest of the plaintiff in proceeding expeditiously with discovery and the potential prejudice to the plaintiff of a delay; 2) the burden on the defendants of proceeding with discovery; 3) the convenience to the Court of staying discovery; 4) the interests of nonparties in either staying or proceeding with discovery; and 5) the public interest in staying or proceeding with discovery. *String Cheese Incident*, 2006 WL 894955 at *2.

## ANALYSIS

### A. Discovery should be stayed because the Individual Defendants have asserted qualified immunity.

The Individual Defendants have asserted qualified immunity for the claims asserted against them. Qualified immunity is not only a mere defense to liability; it is an immunity from suit. *Mitchell v. Forsyth*, 472 U.S. 511, 526-27 (1985). The doctrine of qualified immunity allows for resolution of constitutional claims against government officials **before** "subjecting [them] either to the costs of trial **or to the burdens of broad-reaching discovery** in cases where the legal norms the officials are alleged to have violated were not clearly established at the time." *Id.* at 526 (*quoting Harlow v. Fitzgerald*, 457 U.S. 800, 817–18 (1982)) (emphasis added). "[T]he 'driving force' behind creation of the qualified immunity doctrine was a desire to ensure that 'insubstantial' claims against governmental officials [will] be resolved **prior to discovery**.'" *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (emphasis added) (quoting *Anderson v. Creighton*, 483 U.S. 635, 640, n.2 (1987).

It is well established that "because qualified immunity **protects against the**

3

***burdens of discovery*** as well as trial, a district court may stay discovery upon the filing of a dispositive motion based on qualified immunity." *Stonecipher v. Valles*, 759 F.3d 1134, 1148 (10th Cir. 2014) (citing *Jiron v. City of Lakewood*, 392 F.3d 410, 414 (10th Cir. 2004)) (emphasis added). Qualified immunity "give[s] government officials a right, not merely to avoid standing trial, but also to avoid the burdens of such pretrial matters as discovery, as inquiries of this kind can be peculiarly disruptive of effective government." *Behrens v. Pelletier*, 516 U.S. 299, 308 (1996) (quotations omitted) (citing *Mitchell*, 472 U.S. at 526; *Harlow*, 457 U.S. at 817). "[E]valuating the defense of qualified immunity is a threshold issue, and '[u]ntil this threshold immunity question is resolved, discovery should not be allowed.'" *Aguilar v. Mink*, 2013 WL 3479522 at * 1 (D. Colo. July 9, 2013) (quoting *Siegert v. Gilley*, 500 U.S. 226, 233 (1991)). This is especially so where, as here, the suit may be dismissed on the pleadings. If a suit can be dismissed at the pleadings stage or in early pre-trial stages, then qualified immunity provides officials with "the valuable protection from 'the burdens of broad-ranging discovery." *See Johnson v. Fankell*, 520 U.S. 911, 915 n.2 (1996) (quoting *Harlow*).

Allowing otherwise undermines the purpose of the qualified immunity defense by creating an expensive and time-consuming burden. *See Siegert*, 500 U.S. at 232–33. "The central purpose of affording public officials qualified immunity from suit is to protect them 'from undue interference with their duties and from potentially disabling threats of liability.'" *Elder v. Holloway*, 510 U.S. 510, 513 (1994) (*quoting Harlow*, 457 U.S. at 806); *see also Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1953 (2009) ("Litigation, though necessary to ensure that officials comply with the law, exacts heavy costs in terms of efficiency and

4

expenditure of valuable time and resources that might otherwise be directed to the proper execution of the work of the Government.").

Although the claims against the District are not subject to the qualified immunity defense, Hogarty has alleged that the Individual Defendants were involved in those claims. Additionally, Hogarty has asserted that he intends to depose each of the Individual Defendants. (Doc. 17, p. 10). Therefore, permitting the claims against the District to proceed at this time would nevertheless subject the Individual Defendants, several of whom have no personal involvement whatsoever in the underlying facts of this case, to the burdens of discovery which their assertion of qualified immunity is supposed to prevent. Accordingly, a stay of discovery in the entire case is warranted.

## B. A stay of discovery is otherwise warranted under the *String Cheese Incident* factors.

The *String Cheese Incident* factors support a stay of discovery pending resolution of Defendants' Motion to Dismiss.

**FIRST FACTOR:** Defendants acknowledge that Hogarty, like all plaintiffs, has a general interest in proceeding expeditiously. However, there has been no suggestion that he will suffer any prejudice if the stay is granted. *Cf. Chung v. Lamb*, 2015 WL 6437948, at *2 (D. Colo. Oct. 23, 2015) (first factor weighs neither in favor nor against staying discovery where plaintiff has not identified specific prejudice suffered under stay). Indeed, the risk of prejudice is minimal considering that fact discovery does not close until December 19, 2025. Therefore, the first factor weighs neither in favor nor against staying discovery.

5

**SECOND FACTOR:** In contrast, the burden on the individual defendants, several of whom do not have personal involvement in this case and who would likely be exempt from discovery under the Apex Doctrine, weighs in favor of staying discovery based on their qualified immunity defenses and the fact that Defendants have moved to dismiss the entire case. *See Naylor Farms, Inc. v. Anadarko OGC Co.*, No. 11-CV-01528-REB-KLM, 2011 WL 2535067, at *1 (D. Colo. June 27, 2011) ("[u]nder what has become known as the 'apex doctrine,' the Court may protect a high level corporate executive from the burdens of a deposition when any of the following circumstances exist: (1) the executive has no unique personal knowledge of the matter in dispute; (2) the information sought from the executive can be obtained from another witness; (3) the information sought from the executive can be obtained through an alternative discovery method; or (4) sitting for the deposition is a severe hardship for the executive in light of his obligations to his company."); *see also Bogan v. City of Boston*, 489 F.3d 417, 423 (1st Cir. 2007) ("High ranking government officials have greater duties and time constraints than other witnesses, and . . . without appropriate limitations, such officials will spend an inordinate amount of time tending to pending litigation."). Further and as noted above, qualified immunity is not a mere defense to liability; it is an immunity from suit. *Mitchell*, 472 U.S. at 526-27; C.R.S. § 24-10-108. Because the motion to dismiss would dispose of all claims against the Defendants if granted, forcing them to move forward with discovery at this juncture and to expend resources responding to discovery would be prejudicial.

The burden on the District in proceeding with discovery would also be prejudicial, lending favor to a stay. If discovery proceeds against the District but not the Individual

Defendants, the District would be forced to bifurcate discovery, which would be costly, time consuming and inefficient. *See Howse v. Atkinson*, No. Civ.A. 04-2341GTV-DJW, 2005 WL 994572, *2 (D. Kan. April 27, 2005) (holding that bifurcated discovery was prejudicial to entity defendant).

**THIRD FACTOR:** The convenience to the Court weighs in favor of a stay. Where, as here, defendants seek dismissal of all claims, judicial efficiency is served by staying discovery. *E.g., Aguilar v. Mink*, 2013 WL 3479522, at * 2 (D. Colo. July 9, 2013) ("the Court acknowledges the efficiency and fairness of delaying the proceedings pending resolution of a motion to dismiss that could resolve this matter in its entirety"). Again, the Individual Defendants have asserted immunity defenses for all the claims asserted against them, and the District has moved to dismiss the complaint in its entirety for failure to state a claim upon which relief may be granted. A stay enhances judicial economy because "scheduling and discovery issues will not be raised and will not take time from the Court that could otherwise be used to address the pending dispositive motion." *Samuels v. Baldwin*, 2015 WL 232121, at *3 (D. Colo. Jan. 16, 2015); *Cf. Chung*, 2015 WL 6437948 at *2 (granting stay, finding it was "more convenient for the Court to stay discovery until it is clear that the case will proceed.").

**FOURTH FACTOR:** Defendants are not aware of any non-parties that would be affected by a stay pending a ruling on the motion to dismiss. The fourth *String Cheese Incident* factor weighs in favor of staying discovery. *Cf. Samuels*, 2015 WL 232121, at *3 (granting stay of discovery where no nonparties had significant particularized interests in the case).

7

**FIFTH FACTOR:** The public's interests are well-served by staying discovery in this matter. *Harper v. City of Cortez, Colo.*, 2017 WL 1176417, at *2 (D. Colo. March 30, 2017) (public's interest in efficiency and just resolution served by avoiding wasteful efforts by the court). The public's interest is further served by not subjecting a public school district to potentially oppressive and burdensome discovery during the upcoming school year in a case subject to dismissal. Government efficiency and conservation of public resources are supported by the doctrine of qualified immunity and will be undermined if Hogarty is permitted to proceed prior to a determination of Defendants' Motion to Dismiss. *Cf. Samuels*, 2015 WL 232121, at *4 (granting stay given the "probability that both judicial and attorney resources will be conserved by clarifying and resolving disputed legal issues at the earliest possible time") (emphasis omitted).

Taken together, the *String Cheese Incident* factors strongly support staying discovery until the Court rules on Defendants' Motion to Dismiss.

## CONCLUSION

**WHEREFORE,** Defendants respectfully request this Court stay discovery until after the Court has ruled on Defendants' pending motion to dismiss (Doc. 18).

RESPECTFULLY SUBMITTED this 16th day of January, 2025.

SEMPLE, FARRINGTON, EVERALL & CASE, P.C.

By: *s/ Mary B. Gray*
　　Mary B. Gray
　　1120 Lincoln Street, Suite 1308
　　Denver, CO  80203
　　(303) 595-0941
　　mgray@semplelaw.com

8

## CERTIFICATE OF SERVICE

  I hereby certify that on the 16th day of January, 2025, a correct copy of the foregoing was filed and served via CM/ECF to the following:

Stephen McKenna, CO Bar #28744
5794 E. Powers Ave.
Greenwood Village, CO 80111
steve@themckennaproject.com

Ian Prior
Laura Stell
America First Legal Foundation
611 Pennsylvania Ave. #231
Washington, D.C. 20003
ian.prior@aflegal.org
laura.stell@aflegal.org

*Attorneys for Plaintiff*

              By: *s/ Carter Cleveland*