# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 24-cv-02650-RMR-STV

PATRICK HOGARTY,

    Plaintiff,

v.

CHERRY CREEK SCHOOL DISTRICT; et al.

    Defendants.

_____

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO STAY**
_____

# **TABLE OF CONTENTS**

**Table of Contents** ...................................................................................................................i

**Table of Authorities** ...............................................................................................................ii

**Introduction** ...........................................................................................................................1

**Analysis** ................................................................................................................................2

    I.   **District Precedent Does Not Support a Blanket Stay of Discovery** .................2

        **A. The Individual Defendants' assertion of qualified immunity does not bar discovery against them.** ...........................................................................3

        **B. The *String Cheese Incident* factors favor Plaintiff and do not support a stay of discovery.**................................................................................................5

**Conclusion** ........................................................................................................................ 11

# TABLE OF AUTHORITIES

## UNITED STATES SUPREME COURT CASES

*Crawford-El v. Britton*,
    523 U.S. 574 (1998)......................................................................................................2, 5

## OTHER FEDERAL CASES

*Aguilar v. Mink*,
    No. 13-cv-00778, 2013 WL 3479522 (D. Colo. July 9, 2013)................................2, 3

*Est. of Burnett*,
    No. 21-cv-01708, 2022 WL 218630 (D. Colo. Jan. 25, 2022)....................................9

*Est. of Melvin ex rel. Melvin v. City of Colo. Springs, Colo.*,
    No. 20-cv-00991, 2022 WL 3975003 (D. Colo. Sept. 1, 2022)..................................4

*Est. of Ronquillo ex rel. Sanchez v. City & Cnty. of Denver*,
    No. 16-cv-01664, 2016 WL 10842586 (D. Colo. Nov. 14, 2016)...............................2

*Four Winds Interactive LLC v. 22 Miles, Inc.*,
    No. 16-cv-00704, 2017 WL 121624 (D. Colo. Jan. 11, 2017)....................................6

*Kaufman v. Univ. of Colo.*,
    No. 15-cv-00406, 2015 WL 4748987 (D. Colo. Aug. 12, 2015)................................3

*Lester v. Gene Express, Inc.*,
    No. 09-cv-02648, 2010 WL 743555 (D. Colo. Mar. 2, 2010) ................................8, 9

*Love v. Grashorn*,
    No. 21-cv-02502, 2022 WL 1642496 (D. Colo. May 24, 2022) ................................9

*McGinn v. El Paso Cnty., Colo.*,
    640 F. Supp. 3d 1070 (D. Colo. 2022)....................................................2, 3, 4, 6, 8, 9

*Meiners v. Univ. of Kan.*,
    359 F.3d 1222 (10th Cir. 2004) ..................................................................................4

*Naylor Farms, Inc. v. Anadarko OGC Co.*,
    No. 11-cv-01528, 2011 WL 2535067 (D. Colo. June 27, 2011) ................................8

*Patterson v. Santini*,
    No. 11-cv-01899, 2014 WL 349085 (D. Colo. Jan. 31, 2014)....................................8

*Rome v. Romero*,
    225 F.R.D. 640 (D. Colo. 2004) ........................................................................3, 4, 5

*Sanchez v. Hartley*,
  No. 13-cv-01945, 2016 WL 7176718 (D. Colo. Apr. 26, 2016) .................................6

*String Cheese Incident, LLC v. Stylus Shows, Inc.*,
  No. 1:02-cv-01934, 2006 WL 894955 (D. Colo. Mar. 30, 2006) ..........................3, 5

*Sutton v. Everest Nat'l Ins. Co.*,
  No. 1:05-cv-01934, 2007 WL 1395309 (D. Colo. May 9, 2007) ...............................8

*Wanstall v. Armijo*,
  No. 13-cv-02789, 2014 WL 4636457 (D. Colo. Sept. 16, 2014) ...............................2

**OTHER AUTHORITIES**

*2024 Mill and Bond,* CHERRY CREEK SCHOOLS, https://perma.cc/64SD-GLCW ...............10

Andrea Cavallier, *Colorado School District Sued for Allegedly Firing an Employee for Saying US Is the Greatest Country in the World*, THE INDEPENDENT
  (Sep. 27, 2024), https://perma.cc/3YGH-UALZ.........................................................9

iii

In response and opposition to Defendants' Motion to Stay ("Motion"), ECF No. 23, filed January 16, 2024, Plaintiff Patrick Hogarty ("Plaintiff" or "Hogarty") states as follows:

## INTRODUCTION

This Motion is Defendants' second attempt to delay the progression of this litigation. First, on October 25, 2024, Defendants sought a stay due to Hogarty's pending EEOC charges against the District. *See* **Exh. A.** Defendants asserted that they would seek a Motion to Stay on grounds of facing duplicative discovery if the EEOC process were to move forward. *Id.* In the interest of moving forward in the present action, for the same reasons discussed *infra*, Hogarty chose to withdraw his EEOC charge. Now, Defendants make a second attempt at delay. Despite a good-faith offer of reasonable limitations on discovery from Plaintiff in response to Defendants' stated concerns, Defendants rebuffed Plaintiff's offer and now seek a blanket pause.

Defendants acknowledge that Hogarty "alleges that the District retaliated against him in violation of the First Amendment by compelling his speech and engaging in viewpoint discrimination" and note that they "have moved to dismiss all claims asserted against them." Motion at 2. They overlook, however, that their Motion to Dismiss relies on a legal standard that is not applicable to a compelled speech claim—as Plaintiff will explain in its opposition to the Motion to dismiss, due on February 3, 2025. Moreover, Defendants' assertion of qualified immunity for the Individual Defendants omits clear precedent demonstrating why a stay of discovery is not warranted here. For these reasons, and because the prejudice to the plaintiff in allowing such delay exceeds any legally cognizable prejudice to Defendants, the Motion should be denied.

1

## ANALYSIS

### I. District Precedent Does Not Support a Blanket Stay of Discovery

The Court should deny Defendants' Motion both as to the Individual Defendants and the District. "Even in cases where defendants raise a qualified immunity defense, courts within the District of Colorado generally disfavor a stay of all discovery." *McGinn v. El Paso Cnty., Colo.*, 640 F. Supp. 3d 1070, 1074 (D. Colo. 2022); *See, e.g.*, *Est. of Ronquillo ex rel. Sanchez v. City & Cnty. of Denver*, No. 16-cv-01664, 2016 WL 10842586, at *3 (D. Colo. Nov. 14, 2016) ("[Q]ualified immunity does not protect an official from all discovery, but only from that which is 'broad-reaching.'") (quoting *Crawford-El v. Britton*, 523 U.S. 574, 593 n.14 (1998) (emphasis in original)); *see also Wanstall v. Armijo*, No. 13-cv-02789, 2014 WL 4636457, at *2 (D. Colo. Sept. 16, 2014) ("[A] qualified immunity defense does not automatically bar all discovery."). Moreover, qualified immunity does not protect the Individual Defendants from participation in discovery where the Individual Defendant is nevertheless involved in the underlying operative facts of the Complaint. *McGinn,* 640 F. Supp. 3d at 1075. Additionally, the existence of official capacity claims and declaratory and injunctive relief claims against the Individual Defendants fall outside of the protections of qualified immunity. *See Aguilar v. Mink*, No. 13-cv-00778, 2013 WL 3479522, at *1 (D. Colo. July 9, 2013).

The *String Cheese* factors relied upon by Defendants weigh in Plaintiff's favor because: (1) a blanket stay of discovery will unduly prejudice Hogarty; (2) Defendants will not be unduly burdened by continuing with discovery; (3) the convenience to the Court favors keeping the case moving on schedule; (4) delaying discovery risks the availability and recall of third-party witnesses; and (5) the public interest would be best served by

2

prompt engagement of discovery to determine whether the District engaged in unconstitutional conduct. *See String Cheese Incident, LLC v. Stylus Shows, Inc.,* No. 1:02-cv-01934, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006) (outlining the test). Accordingly, and as further discussed below, Defendants' Motion should be denied.

**A. The Individual Defendants' assertion of qualified immunity does not bar discovery against them.**

Although Defendants are correct in stating that qualified immunity is a threshold issue, "[t]here are certain circumstances when discovery is permissible despite an assertion of qualified immunity, including cases alleging official-capacity claims, requests for injunctive (as opposed to monetary) relief, and claims against entities, not individuals." *Aguilar*, 2013 WL 3479522, at *1. All three of those exceptions are present here.

First, the District cannot hide behind the shield of the Individual Defendants' assertion of qualified immunity to justify a comprehensive stay of discovery. *See Rome v. Romero*, 225 F.R.D. 640, 643 (D. Colo. 2004) ("[B]ecause the defense of qualified immunity is limited to particular claims against particular individuals, the corresponding protection against burdensome discovery is also limited. The defense is available only to individual government officials, not governmental entities."). Colorado courts have consistently found that where claims subjected to qualified immunity and those not subject to the defense "all arise out of a common core of operative facts" a blanket stay of discovery is improper. *McGinn,* 640 F. Supp. 3d at 1075; *see also Kaufman v. Univ. of Colo.*, 15-cv-00406, 2015 WL 4748987 (D. Colo. Aug. 12, 2015) (rejecting a partial stay of discovery because the § 1983 claims brought shared a "common core of facts" with other claims and finding the defendants had failed to make the "requisite showing that this court should depart from the District's general disfavor of a stay of all discovery");

3

*Est. of Melvin ex rel. Melvin v. City of Colo. Springs*, *Colo.*, 20-cv-00991, 2022 WL 3975003, at *2 (D. Colo. Sept. 1, 2022) ("[T]he Officer Defendants' invocation of qualified immunity, in and of itself, does not warrant a [blanket] stay of discovery."). This general principle exists because even if the Individual Defendants succeed in their qualified immunity defense, "the common core of operative facts between those claims and the claims on which discovery would continue would still necessitate the involvement of the [Individual Defendants] in discovery—undercutting part of the rationale for a stay in the first place." *McGinn*, 640 F. Supp. 3d at 1075.

Next, the Individual Defendants assertion of qualified immunity "is applicable only against claims for monetary damages, and has no application to claims for declaratory or injunctive relief." *Rome*, 225 F.R.D. at 643 (citing *Meiners v. Univ. of Kan.*, 359 F.3d 1222, 1233 n.3 (10th Cir.2004)). In addition to monetary damages, Hogarty has alleged claims seeking declaratory and injunctive relief against the Individual Defendants. Compl. at 16. This means that irrespective of the Court's determination of qualified immunity, Hogarty's claims for declaratory and injunctive relief justify the continuation of discovery.

Moreover, the defense of qualified immunity "is applicable only to claims against officers in their individual capacities; official-capacity claims, being the equivalent of a claim against an entity, are not subject to qualified immunity." *Rome*, 225 F.R.D. at 643. Here, Hogarty has alleged claims against the Individual Defendants both individually and in their official capacities. *See* Compl. at 1. Thus, even if the Individual Defendants were to succeed in their assertion of qualified immunity, the claims asserted against them in their official capacities would remain, entitling Hogarty to discovery in support of those claims.

Lastly, even if Individual Defendants succeed in establishing qualified immunity, "some limited discovery is still permitted." *Rome*, 225 F.R.D. at 643. As stated by the Supreme Court in *Crawford-El v. Britton,* "qualified immunity does not protect an official from *all* discovery, but only from that which is *broad-reaching*." *Id.* (citing *Crawford*-El,523 U.S. at 593 n.14) (emphasis added).

Thus, Defendants' claim of burdensome bifurcation is unavailing. ECF No. 23, at 7 ("Motion"). Prior to Defendants' filing of the Motion, Plaintiff's counsel specifically counter-offered a limited stay of discovery to defer depositions on the Individual Defendants until resolution of the pending Motion to Dismiss. *See* **Exh. B**. Absent from Defendants' motion is any explanation as to how moving forward with discovery against the District would result in duplicative discovery. Moreover, Defendants fail to address the reality that the Individual Defendants, as creators and executors of the unconstitutional policy practices at issue, would nevertheless be subject to discovery as witnesses in this action. In sum, Defendants assertion of qualified immunity does not dictate that this Court should delay discovery, at least not in its entirety.

**B. The *String Cheese Incident* factors favor Plaintiff and do not support a stay of discovery.**

The factors considered by the Court in evaluating a motion to stay include: 1) the interest of the plaintiff in proceeding expeditiously with discovery and the potential prejudice to the plaintiff of a delay; 2) the burden on the defendants of proceeding with the discovery; 3) the convenience to the Court of staying discovery; 4) the interests of nonparties in either staying or proceeding with discovery; and 5) the public interest in staying or proceeding with discovery. *String Cheese,* 2006 WL 894955, at *2. For the

5

following reasons, the String Cheese Incident factors favor Plaintiff, and the Motion should be denied.

**First Factor:** This factor weighs in Plaintiff's favor because (1) the delay of discovery will risk the viability and reliability of witness testimony to support Hogarty's claim and (2) Plaintiff's ability to potentially resolve the dispute through settlement will be unjustly delayed, prolonging Hogarty's inability to obtain employment within Colorado's education system.

To start, it is well understood that the plaintiff has an interest in proceeding expeditiously in his litigation. McGinn, 640 F. Supp. 3d at 1076; see also Sanchez v. Hartley, No. 13-cv-01945, 2016 WL 7176718, at *7 (D. Colo. Apr. 26, 2016) ("[A] private citizen is entitled to claim the timely protection of the law."). Moreover, because "a final determination on the motion to dismiss could take several months," this District has found the first factor to weigh against a stay under these circumstances, particularly where the allegations are "heavily reliant on witness testimony regarding the events in question." McGinn, 640 F. Supp. 3d at 1076 (citing Four Winds Interactive LLC v. 22 Miles, Inc., No. 16-cv-00704, 2017 WL 121624, at *2 (D. Colo. Jan. 11, 2017)). "[B]ecause the memories of parties and witnesses are likely to fade—or otherwise be unavailable—the longer time passes, Plaintiff is understandably concerned about [his] ability to collect accurate discovery if this case is delayed." Id.

Additionally, since losing his position within the District and initiating the present action, Hogarty has been unable to secure subsequent employment as an educator

6

despite continuous efforts at obtaining employment across the State.[1] Regardless of the discovery deadline, a delay in obtaining critical information about the District's actions will inevitably stall case progression that could lead to a potential settlement. Any delay that prevents Hogarty from a potential resolution will prejudice Hogarty in prolonging his inability to secure an alternative position within the State of Colorado's education system. The risk of delay for an unknown amount of time would significantly impact and prejudice his right to pursue his case and to vindicate his claim expeditiously. Therefore, the first factor weighs against staying discovery.

**Second Factor**: Defendants will not be unduly burdened by continuing discovery. First, Defendants inaccurately characterize the Individual Defendants as wholly detached from the operative facts underlying Hogarty's claims. Hogarty's allegations encompass a District-wide conspiracy to "root-out wrong-think" and eliminate teachers and administrators who do not conform to the District's ideology. Compl. ¶¶ 67-75. As leaders within the District, each of the Individual Defendants either helped to create or execute District-wide policies, such as the requirement that all educators within the District complete the Courageous Conversations training within the first three years of employment. Compl. ¶ 35. As discussed above, qualified immunity, even if granted, will not remove the Individual Defendants from involvement in this action due to the existence of official-capacity claims and declaratory and injunctive relief claims. Moreover, even if the Individual Defendants were not parties to the action, they nevertheless hold discoverable information necessary to the litigation of Hogarty's claims.

---

[1] To date, Hogarty has applied to over 15 different educator and administrator positions across the State and continues to submit applications.

7

Next, Defendants' appeal to the "apex doctrine" is inapposite. Whether any of the Individual Defendants would qualify under the doctrine does not articulate a justifiable excuse as to why Defendants cannot proceed with discovery without undue burden. Notably, the "apex doctrine" cited by Defendants places the burden on the executive seeking to avoid a deposition, not on the Plaintiff. *Naylor Farms, Inc. v. Anadarko OGC Co.*, No. 11-cv-01528, 2011 WL 2535067, at *2 (D. Colo. June 27, 2011) ("the ultimate burden of persuasion lies with the executive invoking the apex doctrine…it is consistent with the general rule that a party seeking protection from discovery bears the ultimate burden of establishing good cause for such protection.").

Lastly, Defendants provide no explanation as to why discovery against the District would result in bifurcation. Plaintiff's discovery against the District remains the same regardless of whether the Individual Defendants remain parties to the action. Plaintiff foresees no set of circumstances in which allowing discovery to proceed against the District would force Defendants to engage in duplicative efforts or expense. Accordingly, this factor weighs in favor of Plaintiff.

**Third Factor:** The convenience of the Court weighs against staying discovery. "The District's general rule to avoid discovery stays while a dispositive motion is pending recognizes that there are 'burdens to the court and to the public in delaying, potentially for months, those cases where a [dispositive] motion is filed.'" *McGinn*, 640 F. Supp. 3d at 1076 (quoting *Sutton v. Everest Nat'l Ins. Co.*, No. 07-cv-00425, 2007 WL 1395309, at *2 (D. Colo. May 9, 2007); *see also Patterson v. Santini*, No. 11-cv-01899, 2014 WL 349085, at *3 (D. Colo. Jan. 31, 2014) ("It is not convenient for the Court to have stale cases cluttering its docket."); *Lester v. Gene Express, Inc.*, No. 09-cv-02648, 2010 WL

8

743555, at *2 (D. Colo. Mar. 2, 2010) ("The [c]ourt is inconvenienced by an ill-advised stay because the delay in prosecuting the case which results from imposition of a stay makes the Court's docket less predictable and, hence, less manageable."). This is especially the case where "the stay is tied to… [a] pending motion on which ultimate success is not guaranteed." *McGinn*, 640 F. Supp. 3d at 1076. As noted above and to be explained in Hogarty's opposition to the motion to dismiss that is due on Monday, Defendants' effort to dismiss Hogarty's Complaint under the *Garcetti/Pickering* factors, which are inapplicable to his compelled speech and viewpoint discrimination claims, is ill-fated. Accordingly, because a stay of discovery pending the resolution of the Motion to Dismiss would delay the progression of this litigation, possibly for months, it is in the Court's interest to continue with the litigation on schedule and deny the request to stay.

**Fourth Factor:** Consistent with the First Factor stated *supra*, there are non-party witnesses to which Plaintiff may seek deposition testimony from. *See* **Exh. C**. Delaying discovery will likely impact the non-parties' ability to recall the events in question and provide reliable testimony. Therefore, the fourth factor favors Plaintiff.

**Fifth Factor:** The public's interest is well served by denying the stay of discovery. The public "has an interest in moving matters forward and a more substantial interest in learning about the policies and practices of [the Cherry Creek School District] to ensure it is 'operating within the bounds of the law.'" *McGinn*, 640 F. Supp. 3d at 1077 (quoting *Est. of Burnett*, No. 21-cv-01708, 2022 WL 218630, at *3 (D. Colo. Jan. 25, 2022)). This is especially the case where the "incident has received state-wide and even national attention." *Love v. Grashorn*, No. 21-cv-02502, 2022 WL 1642496, at *6 (D. Colo. May 24, 2024) (*see, e.g.*, Andrea Cavallier, *Colorado School District Sued for Allegedly Firing*

9

*an Employee for Saying US Is the Greatest Country in the World*, THE INDEPENDENT (Sep. 27, 2024), https://perma.cc/3YGH-UALZ). The allegations of unconstitutional conduct by the District are troubling, and the public, who funds the District through their tax dollars, recently approving a nearly $2 billion bond and mill levy increase, has the right to timely knowledge as to the veracity of the allegations without undue delay. *See, e.g., 2024 Mill and Bond,* CHERRY CREEK SCHOOLS, https://perma.cc/64SD-GLCW. Thus, the Fifth Factor weighs in Plaintiff's favor.

In conclusion, Plaintiff would be unduly prejudiced by delay of discovery, while Defendants would not. Maintaining efficiency in the docket through continued discovery would be more convenient for the Court than the alternative. Witnesses would be at risk of forgetting key facts, and the public interest would be served by prompt resolution of the present allegations against Defendants. Weighing all five factors, the *String Cheese Incident* analysis comprehensively favors Plaintiff. For these reasons, as well as the tenuous bases for Defendants' Motion to Dismiss and claims of qualified immunity, Defendants' Motion should be denied.

## CONCLUSION

**WHEREFORE,** Plaintiff respectfully requests that this Court deny Defendants' Motion and allow discovery to proceed. In the alternative, Plaintiff requests the Court deny Defendants' Motion as it pertains to discovery against the District, allowing for limited discovery to proceed pending resolution of Defendants' Motion to Dismiss.

Date: January 31, 2025	Respectfully submitted,


/s/ Stephen McKenna
Stephen McKenna
5794 E. Powers Ave.
Greenwood Village, CO 80111
720 850-1115
steve@themckennaproject.com

Ian Prior
Laura Stell
America First Legal
611 Pennsylvania Ave SE #231
Washington, DC 20003
(910) 541-1901
Ian.prior@aflegal.org
Laura.stell@aflegal.org

Attorneys for Plaintiff Patrick Hogarty

11

**CERTIFICATE OF SERVICE**

I hereby certify that on January 31, 2025, a copy of the foregoing was served via the District Court's Electronic Case Filing system on the following:

Mary Gray
Jon Fero
Semple, Farrington, Everall & Case, P.C.
1120 Lincoln Street, Suite 1308
Denver, Colorado 80203
mgray@semplelaw.com
jfero@semplelaw.com

By: /s/ Stephen McKenna