IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 24-cv-02650-RMR-STV

PATRICK HOGARTY,

    Plaintiff,

v.

CHERRY CREEK SCHOOL DISTRICT;
CHERRY CREEK SCHOOL DISTRICT BOARD OF EDUCATION;
ANGELA GARLAND, individually and in her official capacity as President for Cherry Creek School District Board of Education;
ANNE EGAN, individually and in her official capacity as Director for District A of Cherry Creek School District Board of Education;
CHRISTOPHER SMITH, individually and in his official capacity as Superintendent of Cherry Creek School District;
ANGIE ZEHNER, individually and in her official capacity as Director of Middle Schools for Cherry Creek School District;
COURTNEY SMITH, individually and in her official capacity as Director of Human Resources for Cherry Creek School District;
LISSA STAAL, individually and in her official capacity as Principal of Campus Middle School; and
RONALD GARCIA Y ORTIZ, individually and in his official capacity as Executive Director of Equity, Culture, and Community Engagement for Cherry Creek School District,

    Defendants.

_____

**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS**
_____

Defendants hereby file their Reply in Support of their Motion to Dismiss, as follows:

## INTRODUCTION

Plaintiff Patrick Hogarty alleges he was dismissed from his job as a public-school dean for speech he made, and refused to make, during District-required professional development trainings on the topic of equity. Alleging Defendants violated his First Amendment free speech rights, Hogarty filed two claims for relief – one for compelled speech and one for viewpoint discrimination.

Defendants moved to dismiss Hogarty's complaint for failure to state a claim based on *Garcetti/Pickering* because Hogarty's alleged speech was made pursuant to his official duties and the District has a legitimate interest in advancing equitable speech consistent with its lawful ideologies. The Individual Defendants each asserted qualified immunity.

Hogarty asserts Defendants improperly relied on *Garcetti/Pickering,* which he argues is inapplicable to compelled speech claims. As to the Individual Defendants' qualified immunity defenses, Hogarty argues, using conclusory allegations and statements, some of which are not in his Complaint, that Garland, Egan, Zehner, and Smith exercised "control" over District "policy and practice" sufficient to show personal involvement. He also asserts that the Individual Defendants violated his constitutional rights by compelling his speech because *Garcetti/Pickering* is inapplicable. For the reasons set forth in the Motion and below, Hogarty's claims should be dismissed.

## ANALYSIS

**A.** ***Garcetti/Pickering*** **applies to government employee compelled speech claims.**

Although the Tenth Circuit has not had the opportunity to decide whether

1

*Garcetti/Pickering* applies to government employee compelled speech claims, federal courts that have considered this issue have determined that it does. See *Gwinnett v. SW Fla. Reg. Plan. Council,* 4017 F. Supp. 3d 1273, 1279–80 (M.D. Fl. 2019); *Cochran v. C'th of Atlanta,* 289 F. Supp 3d 1276, 1292–93 (N.D. Ga. 2017); *Caleb v. Grier*, 598 F. App'x 227, 236 (5th Cir. 2015); *LaSalle v. Puerto Rico Elec. Power Auth.,* 144 F. Supp. 3d 274, 278-79 (D. Puerto Rico 2015); *Kingsley v. Brundige*, 513 F. App'x 492, 499 (6th Cir. 2013); *Dixon v. Univ. of Toledo,* 842 F. Supp. 2d 1044, 1051–52, 1054 (N.D. Ohio 2012). Recently, in *Polk v. Mont. C'nty Pub. Sch.,* 2025 WL 240996, *11 – 12 (D. Md. 2025), a case in which a public-school substitute teacher refused to refer to students by their chosen pronouns as required by the school district, the court held that *Garcetti/Pickering* applies to government employee compelled speech claims, particularly in public schools. Pertinently, the *Polk* court held that public school employee speech that relates to how public-school teachers interact with students and families is intrinsically part of their duties and that those who choose to work in public schools must "perform the tasks [they] are paid to perform." *Id.* (internal citations omitted).

Hogarty argues that the general test for compelled speech claims should apply to his case, and *Garcetti/Pickering* should not. The overwhelming majority of cases cited by Hogarty do not involve government employees and are inapplicable. See *Colorado v. Griswold*, 99 F.4th 1234, 1240 (10th Cir. 2024) (considering a private citizen's challenge to a Colorado state law); *Cressman v. Thompson*, 798 F.3d 938, 951 (10th Cir. 2015) (considering a private citizen's challenge to a message on an Oklahoma state license plate); Turner Broad. Sys. v. FCC, 512 U.S. 622, 641 (1994) (considering a private

2

citizen's challenge to the constitutionality of must-carry provisions of Cable Television Consumer Protection and Competition Act of 1992); *Riley v. Nat'l Fed'n of the Blind of N.C.,* 487 U.S. 781, 795-97 (1988) (considering a private citizen's challenge to the North Carolina Charitable Solicitations Act); *303 Creative LLC v. Elenis,* 600 U.S. 570, 578-79 (2023) (considering a private citizen website designer's challenge to state law requiring her to create content contrary to her religious beliefs); *Wooley v. Maynard,* 430 U.S. 795, 717 (1977) (considering a private citizen's challenge to government requirement that citizen use a license plate with the slogan "live free or die."; *Tinker v. Des Moines Indep. Cmty. Sch. Dist.,* 393 U.S. 503, 506 (1969) (student speech case). The only two cases that do involve government speech are distinguishable or are not binding upon this Court.

Hogarty asserts that in *Janus v. Am. Fed'n of State, Cnty.,* & *Mun. Emps., Council 31,* 585 U.S. 878, 908 (2018), the Supreme Court forbid courts from applying *Garcetti/Pickering* in government employee compelled speech cases. Hogarty is mistaken. In *Janus,* the Supreme Court considered whether an Illinois statute authorizing public-sector unions to assess "agency fees" from non-member public employees on whose behalf the union negotiated violated the First Amendment. The defendant in *Janus* was a government employee union, *not a government employer.* Nonetheless, the defendant union asked the Supreme Court to apply *Garcetti/Pickering* to the claim. The Supreme Court declined to do so, finding that the union worked on behalf of the employee and not the employer, thus, *Garcetti/Pickering* was inapplicable. *Id.* at 909.

Significantly, the *Janus* Court held that "if the speech in question is part of an employee's official duties, the employer may insist that the employee deliver any lawful

3

message," indicating that in a compelled speech claim brought by an employee against his employer, that *Garcetti/Pickering* must apply. *Id.* at 908. As discussed in the Motion to Dismiss, the speech in this case was made during mandatory equity training. Contrary to Hogarty's assertions, the Supreme Court's decision in *Janus* supports that the District was permitted to regulate Hogarty's speech during and respective to the trainings, and could require Hogarty to promote this message as part of his duties at the District.

Hogarty also cites *Vlaming v. West Point Sch. Bd.,* 302 Va. 504, 565 (2023) for the proposition that *Garcetti/Pickering* does not apply to government employee compelled speech claims. *Vlaming* is a Virginia Supreme Court case considering whether the acts about which *Vlaming* complained violated the Constitution of Virginia, which provides significantly more protections to citizens than does the United States Constitution. Because it is a state supreme court case considering a different constitution, it is inapplicable here. Moreover, *Vlaming* considered the intersection between a government employee's *religious* freedom and rights versus government speech requirements. This too sets *Vlaming* apart from the instant case, as Hogarty does not claim that the equity trainings ran afoul of his religious beliefs, or that the District required him to speak contrary to those beliefs. Hogarty does not make any allegations about his religious beliefs at all.

The overwhelming majority of courts that have considered government employee compelled speech claims applied *Garcetti/Pickering*. Using that analysis here, Hogarty's claims fail because the speech was done pursuant to his official job duties, and as a public employer, the District may require Hogarty to advance any lawful message it believes will further his role as a public school dean. *See Janus,* 585 U.S. at 909; *Willey v. Sweetwater*

4

*Cnty. Sch. Dist. No. 1 Bd. of Trustees*, 680 F. Supp. 3d 1250, 1286–87 (D. Wyo. 2023).

1. **Hogarty's speech was made pursuant to his official duties.**

The Tenth Circuit has liberally construed speech that is done during the scope of an employee's official job duties. *See McNellis,* 116 F. 4th at 1133. Other federal courts considering the issue have found this to be particularly true when the speaker is a public-school employee working with children and being asked to advance lawful school district objectives. *See Polk,* 2025 WL 240996, at *11 – 12. The entirety of Hogarty's complaint is premised on the fact that he was a public-school employee. He pleads that he was a District dean who lost his job due to his speech, which was done during a mandatory training required for him to retain his job. Despite these allegations, Hogarty now asks the Court to ignore those facts and treat this case as a compelled speech claim in which the government compels a private citizen to speak consistent with the government's objectives. If Hogarty's argument is adopted, government employees could skirt the requirements of *Garcetti/Pickering* by filing First Amendment retaliation claims as compelled speech claims, rendering *Garcetti/Pickering* meaningless. Here, Hogarty specifically pleads that the speech about which he complains was done as part of this job duties, thus, *Garcetti/Pickering* applies.

2. **The District's has an interest in promoting efficient public service.**

Hogarty's claim also should be dismissed because the District's interest in promoting efficient public service, by denouncing racism, outweighs Hogarty's rights, particularly given that Hogarty worked and spoke in a public school. *See Polk,* 2025 WL 240996, at *11 – 12.

5

Citing *Vlaming* and *303 Creative, LLC,* Hogarty asserts that his free speech rights outweigh the District's interest in promoting anti-racist ideologies. *Vlaming* is inapplicable because it was decided under Virginia state law, and *303 Creative, LLC,* is inapplicable because it involved a dispute between a private citizen and the government. Moreover, the plaintiffs in both cases refused to acquiesce to the government-required speech based on their sincerely held religious beliefs. *See Vlaming* 302 Va. At 565; *303 Creative LLC,* 600 U.S. at 578-79. Here, Hogarty does not assert that his speech, or his refusal to speak, involved his sincerely held *religious* beliefs, or that the District required him to act contrary to any such beliefs. Rather, the facts at-issue in this case involve the District's legitimate interest in promoting anti-racist policies. Although not a compelled speech case, the Tenth Circuit has already determined that the government has the right to denounce racism. *See VDARE Found. v. City of Colo. Springs*, 11 F.4th 1151, 1168, 1174 (10th Cir. 2021). As a result, Hogarty's claims should be dismissed.

### 3. Hogarty failed to address Defendant's municipal liability defense.

The District argued that Hogarty failed to plead sufficient facts to support municipal liability as required under Section 1983. Hogarty failed to address this argument in the Response, conceding that the claims against the District should be dismissed. *See French v. Denver Pub. Sch.,* No. 23-CV-01614-NYW-MDB, 2024 WL 3276159, at *8 (D. Colo. July 2, 2024) (holding that the plaintiff abandoned a theory of liability by failing to respond to it in response to a motion to dismiss).

### B. Hogarty Waived his Viewpoint Discrimination Claim, Which Must be Dismissed.

Hogarty's Complaint asserts a viewpoint discrimination claim. Defendants moved to dismiss this claim. Hogarty failed to address Defendants' arguments, or to mention the

6

claim at all, therefore conceding that it is also subject to dismissal. *Id.*

## C. The Individual Defendants are Entitled to Qualified Immunity.

The Individual Defendants moved to dismiss Hogarty's claims against them based on qualified immunity. Defendants Garland, Egan, Zehner, and Smith also asserted qualified immunity because there are no allegations that they were personally involved in the constitutional deprivations. Hogarty argues that he sufficiently pled his compelled speech claim, but admits that the Tenth Circuit has not considered whether *Garcetti/Pickering* applies to government employee compelled speech claims. Hogarty asserts he pled personal involvement by Smith, Garland, Egan, and Zehner simply because they were in positions of "supervisory authority" and oversaw the District's policies and practices. Hogarty's arguments fail.

### 1. There was no constitutional violation, and the law is not clearly established.

The purpose of qualified immunity is to protect government officials from suit for civil liability if their conduct does not violate "clearly established statutory or constitutional rights." *Thomas v. Kaven*, 765 F.3d 1183, 1194 (10th Cir. 2014). Once a defendant raises the qualified immunity defense, the plaintiff bears the two-part burden of demonstrating that: (1) the alleged conduct violated a constitutional right, and (2) the law was "clearly established at the time of the violation, such that every reasonable official would have understood that his conduct constituted a violation of that right." *Perea v. Baca*, 817 F.3d 1198, 1202 (10th Cir. 2016). "A right is clearly established if Supreme Court or Tenth Circuit case law exists on point, or if the clearly established weight of authority from other circuits found a constitutional violation from similar actions." *Petersen v. Jensen,* 371 F.3d

7

1199, 1202 (10th Cir. 2004).

There was no constitutional deprivation because Hogarty's claims are subject to dismissal under *Garcetti/Pickering,* entitling the Individual Defendants to immunity. There was also no clearly established law at the time of the alleged infraction, evidencing that Hogarty's speech regarding the mandatory equity trainings could not be regulated.

It is undisputed that the Tenth Circuit has never considered whether *Garcetti/Pickering* applies to government employee compelled speech claims. *See* Plaintiff's Response (Dkt. #27, p. 3). Moreover, the only Supreme Court case mentioning the issue is *Janus,* and while the *Janus* court did not rule on this issue, it strongly suggested that *Garcetti/Pickering* would apply to government employee compelled speech claims by employees against their employers. 585 U.S. at 908. Also, the majority of courts that have considered whether *Garcetti/Pickering* applies to government employee compelled speech claims have found that it does. Thus, the Individual Defendants had reason to believe that they were *not* running afoul of the Constitution, and they are entitled to qualified immunity.

### 2. Hogarty did not plead sufficient facts against Garland, Egan, Zehner, and Smith.

Hogarty argues Defendants Garland, Egan, Zehnder, and Smith are not entitled to qualified immunity because their "control and supervisory authority over District policy and practice 'affirmatively links' to Hogarty's" alleged constitutional deprivations. Resp, p. 10 (Dkt. No. 27). In arguing his point, Hogarty relies heavily on *Burke v. Regalado,* a case in which the individual defendant, Glanz, sought post-trial relief from a jury verdict awarded against him. 935 F.3d 960 (10th Cir. 2019). *Burke* does not address Glanz's qualified

8

immunity defenses as Hogarty asserts. In *Burke,* the court held that Glanz waived any qualified immunity defenses because he did not appropriately raise them in prior proceedings. Therefore, the court declined to analyze whether Glanz was or should have been entitled to qualified immunity. As to Hogarty's argument about supervisory authority, the court determined that Glanz had such authority because he admitted in a deposition, and at trial, that he possessed such authority. There is no such admission here, nor are there any allegations warranting that this Court stray from the principles of municipal liability set forth in *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978).

There is no such allegation here either. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Id.* at 555. Accordingly, conclusory allegations are insufficient, and "the plaintiff must do more than articulate a set of facts that could 'conceivably' or 'possibly' give rise to a claim; he must 'nudge his claim across the line from conceivable to plausible.'" *Havens v. Johnson*, 2012 WL 871195, at *3 (D. Colo. Mar. 13, 2012) (quoting *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012)).

As to Defendants Garland and Egan, their names are only mentioned in the caption and in paragraphs 17 and 18 of the complaint in which Hogarty states that Garland is "the President of the Board of Education. She is sued individually and in her official capacity," and that Egan "is the Director of District A . . . .She is sued individually and in her official capacity." Compl., Doc. 1, ¶¶ 17–18. Hogarty fails to plead any facts to show their alleged

involvement in anything related to the PEG trainings about which he complains, their knowledge of his alleged speech, or their involvement in his separation from the District. The statements about Garland and Egan's job titles do not even amount to conclusory allegations, which in any event would be insufficient.

As to Zehner, who is the Director of Middle Schools, all Hogarty pleads is that he sent an email to her and another employee in which he expressed concerns about his belief that the confidentiality he was promised in the training was breached by Garcia y Ortiz. Compl., ¶ 52. He also pleads someone told him not to get on Zehner's "bad side." *Id.* at ¶ 55. This is insufficient to support the claims asserted against her.

Finally, as to Smith, Hogarty pleads that he is the superintendent, and is responsible for "the overall management of the school district" and that he "works closely with the District leadership team which includes various assistant superintendents and directors overseeing specific areas such as educational operations, equity . . . ." *Id.* at ¶¶ 32–33. The statements about Smith's role are nothing more than conclusory allegations that are insufficient to support claims against Smith. *See Khalik,* 671 F.3d at 1190. Hogarty does not plead that Smith was involved in drafting or developing equity policies or procedures, that he hired or worked with PEG, or that he was involved in Hogarty's separation from the District. Rather, Hogarty asks this Court to make these inferences simply because he was the Superintendent. Hogarty's request is improper because he has failed to plead sufficient facts to allow the court to plausibly do so. *See Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). Garland, Egan, Zehner, and Smith, are entitled to qualified immunity.

RESPECTFULLY SUBMITTED this 21st day of February, 2025.

SEMPLE, FARRINGTON, EVERALL & CASE, P.C.

By: *s/ Mary B. Gray*
Jonathan P. Fero
Mary B. Gray
1120 Lincoln Street, Suite 1308
Denver, CO  80203
(303) 595-0941
jfero@semplelaw.com
mgray@semplelaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of February, 2025, a correct copy of the foregoing was filed and served via CM/ECF to the following:

Stephen McKenna
5794 E. Powers Ave.
Greenwood Village, CO 80111
steve@themckennaproject.com

Ian Prior
Laura Stell
America First Legal Foundation
611 Pennsylvania Ave. #231
Washington, D.C. 20003
ian.prior@aflegal.org
laura.stell@aflegal.org

*Attorneys for Plaintiff*

By: *s/ Elaine Montoya*